IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILLY LEE TOLIVER and EBONY TOLIVER, | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:26-cv-3871-Z-BN |
| | § | |
| JACARDO CORNELL, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER REGARDING**
**SUBJECT MATTER JURISDICTION**

Based on a February 2026 accident in Dallas County, Texas, Plaintiffs Billy Lee Toliver and Ebony Toliver filed this negligence action against Defendant Jacardo Cornell in a Dallas County state court, and Cornell answered in state court and then removed based on the Court's diversity subject matter jurisdiction. *See* Dkt. No. 1; 28 U.S.C. § 1332.

United States District Judge Matthew J. Kacsmaryk has referred the removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 5.

And, upon the undersigned's review of the docket, the notice of removal fails to show that the Court possesses subject matter jurisdiction.

"Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868); *accord* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter

jurisdiction, the case shall be remanded."); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991).

And, so, a court "must examine the basis of its jurisdiction, on its own motion if necessary." *Green Tree Servicing, L.L.C. v. Charles*, 872 F.3d 637, 639 (5th Cir. 2017) (citation omitted).

Under Section 1332, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b).

Taking the second requirement first, the state court petition's statement under Texas Rule of Civil Procedure 47 that the Tolivers "plead that they seek monetary relief over $250,000 but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, and pre-judgment interest," Dkt. No. 1-3 at 1, satisfies the amount-in-controversy component of Section 1332, *cf. Escareno v. Stylecraft Home Collection Inc.*, 731 F. Supp. 3d 738, 752 (N.D. Tex. 2024) ("[A]t the least, pointing to Plaintiffs' pleading 'monetary relief over $1,000,000' under Rule 47(c)(4) is enough for the removing Defendants to prove by a preponderance of the evidence that the amount-in-controversy requirement is met because it is facially apparent that Plaintiffs seek a sum or value that exceeds $75,000.").

Turning back to the first requirement, "when jurisdiction depends on citizenship, citizenship must be 'distinctly and affirmatively alleged.'" *Smith v. Bank of Am. Corp.*, 605 F. App'x 311, 314 (5th Cir. 2015) (per curiam) (cleaned up; quoting *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)).

But, as the party invoking federal jurisdiction through removal, neither Cornell's actual notice of removal nor its attachments carry the burden to distinctly and affirmatively allege jurisdiction under Section 1332. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." (cleaned up)).

"For natural persons, § 1332 citizenship is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent home." *SXSW v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023). And,

> [i]n *Coury v. Prot*, the [United States Court of Appeals for the] Fifth Circuit explained that, in determining a person's domicile, courts "must address a variety of factors" with "[n]o single factor [being] determinative." 85 F.3d 244, 251 (5th Cir. 1996). These "factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Id.* (citations omitted).

*Union Pac. R.R. Co. v. Nuefuel TX LLC*, No. 3:23-cv-1206-L, 2024 WL 2970013, at *1 (N.D. Tex. June 11, 2024).

So "[a]n allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" *Id.* (quoting *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984) (per curiam)); *accord J.A. Maters Invs. v. Beltramini*, 117 F.4th 321, 322 (5th Cir. 2024) (per curiam); *see also Residential Capital Partners Secured Loan Fund X, LLC v. Hubbell*, No. 3:25-cv-171-B-BN, 2025 WL 2977948, at *2 (N.D. Tex. Oct. 21, 2025) ("[W]here the party invoking subject-matter jurisdiction under

Section 1332 (1) merely concludes that a party is domiciled where he or she is alleged to currently reside and (2) fails to meaningfully address any *Coury* factor as to any party, a court cannot find that a party's domicile has been plausibly alleged and that complete diversity supports subject-matter jurisdiction under Section 1332.").

Under these standards, it's possible that Cornell has alleged that the Tolivers are Texas citizens to the extent that the state court petition mentions that each has a Texas driver's license. *See* Dkt. No. 1-3 at 2; Dkt. No. 1, ¶ 6.

But Cornell has failed to allege his own citizenship where the allegations amount to a mere conclusion that residence equals domicile. *See* Dkt. No. 1, ¶ 7 ("Defendant Jacardo Cornell is now and was at the time of the filing of this action a legal resident residing and domiciled in the State of Arkansas. Accordingly, for diversity purposes, Jacardo Cornell is a citizen of Arkansas.").

In sum, it's not been shown that the Court possesses subject matter jurisdiction. But a removing defendant may amend its notice of removal as the law allows. *See A & C Disc. Pharmacy L.L.C. v. Prime Therapeutics LLC*, No. 3:16-cv-429-D, 2016 WL 3194332, at *4 (N.D. Tex. June 9, 2016) ("A defendant may freely amend a notice of removal within the 30-day period set out in 28 U.S.C. § 1446(b). Thereafter, a defendant may amend only to set forth more specifically the jurisdictional grounds for removal that were imperfectly stated in the original notice." (citations omitted)).

SO ORDERED.

DATE: November 19, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE